83 F.3d 427
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re GAM ENTERPRISES, INC., Debtor.
Gabriel A. MAALOUF, Appellant,
v.
FORD MOTOR CREDIT COMPANY; Berkeley Bunker, Trustee, Appellees.
 No. 94-15715.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1996.*
Decided April 12, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gabriel A. Maalouf appeals pro se the decision of the Bankruptcy Appellate Panel ("BAP") affirming an order of the bankruptcy court. The order clarified that legal claims once held by the GAM estate were abandoned to Maalouf as debtor-in-possession of his own bankruptcy estate and not to Maalouf personally. This decision eventually gave control of the legal claims to appellee Berkeley Bunker, the subsequently appointed trustee of Maalouf's estate. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo the bankruptcy court's conclusions of law; the court's findings of fact are reviewed for clear error. See, e.g., Carroll v. Tri-Growth Centre City, Ltd. (In re Carroll), 903 F.2d 1266, 1269 (9th Cir.1990). We will affirm.
 
 
 3
 Maalouf contends the bankruptcy court modified its original abandonment order rather than clarifying it. It is unclear whether this distinction matters but, in any event, we disagree. Because the original order made no sense, virtually any change would clarify the order without modifying substantive rights. Furthermore, because the unopposed motion on which the order was based was also ambiguous, we reject Maalouf's argument that the motion itself created any substantive rights.
 
 
 4
 Maalouf further contends the bankruptcy court erred by interpreting the original order as authorizing the abandonment of the claims to Maalouf as debtor-in-possession and not personally. In moving for clarification of the order, Trustee Bunker asserted that the parties had expected that he would pursue the claims at the time he was appointed in 1991. The trustee also asserted that, to the extent Maalouf had pursued the claims, he did so with funds from his estate. Maalouf filed no written opposition, and at the hearing on the motion he only disputed Bunker's latter assertion. Besides these assertions, no evidence was offered at the hearing. Because the bankruptcy court could therefore rely on the unchallenged assertion that the parties expected Bunker would pursue the claims, we find no clear error in the court's decision.
 
 
 5
 Maalouf also raises an argument originally made by the GAM estate trustee that the order only abandoned control over litigation and not the legal claims themselves. The original abandonment petition and order do not support this argument, and the GAM trustee offered no other relevant evidence at the hearing. To the extent Maalouf relies on evidence not presented at the hearing, we do not consider it. See, e.g., FSLIC v. Gemini Management, 921 F.2d 241, 243 n. 3 (9th Cir.1990). Similarly, we cannot consider the several issues Maalouf raises that were not presented to the bankruptcy court, such as whether the legal claims should be settled and whether Trustee Bunker is somehow biased. See, e.g., Whittaker Corp. v. Execuair Corp., 953 F.2d 510, 515 (9th Cir.1992). Indeed, these issues would not properly be part of this bankruptcy proceeding, which concerns the estate of GAM, not Maalouf. Accordingly, Maalouf's motion to file a supplemental excerpt of record relating to these issues is denied.
 
 
 6
 Maalouf has filed a motion for an order to show cause why Bunker and other entities should not be held in contempt of court. The basis for this motion is a statement made in Bunker's opposition to Maalouf's earlier request for a stay pending appeal in which Bunker indicated that settlement of the legal claims would not moot this action. Maalouf contends that this statement, in light of subsequent events, warrants sanctions. We disagree. Bunker did not represent that he would refrain from settling the case, and Maalouf had the opportunity to respond to Bunker's argument regarding the effect of settlement on this appeal. Accordingly, the motion for an order to show cause is denied.
 
 
 7
 Appellee Berkeley Bunker requests attorney's fees pursuant to Fed.R.Civ.P. 54(d), 9th Cir.R. 39-1.6, and Bankr.R. 8014. The request is denied because these provisions do not authorize fee awards, and this appeal does not warrant sanctions.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Maalouf's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3